IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:21-CV-78-FL

| | |
|---|---|
| EDGECOMBE COUNTY SOCIAL SERVICES and NANNIE E. MILLS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) ORDER |
| LLOYD B. WALLACE, | ) ) ) |
| Defendant. | ) |

This matter is before the court on frivolity review of defendant's pro se notice of removal, pursuant to 28 U.S.C. § 1915(e)(2)(B). United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that this action be remanded to Edgecombe County District Court. (DE 4). Defendant timely objected to the M&R (DE 5), relying upon documents filed in Edgecombe County District Court, excerpts of statutes, and policy guidance provided by the United States Department of Justice, Civil Rights Division. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, and remands this case to Edgecombe County District Court.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.   Analysis

Defendant objects to the magistrate judge's determination that the court lacks subject matter jurisdiction over this matter. Specifically, defendant indicates that:

> defendant is seeking removal of court case is based on a agreement/order date April 21, 1993 file number 93CVD 199 in Edgecombe County. The agreement/order compel Mr. Wallace to a specific performance ended G.S. 110. And deen [sic] enforce use title 42 provisions under Title IV-D program and also use of federal statute and its laws that give the federal court would have jurisdiction over subject matter of this action . . .

(Obj. (DE 5) at 1). Defendant appears to argue that the court has federal question jurisdiction over this action because it involves Title IV, Part D of the Social Security Act of 1975, 42 U.S.C. §§ 651-669 ("Title IV-D"). Defendant's argument is unpersuasive.

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly

construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Generally, a defendant may remove a case from state court only if the federal district court has original jurisdiction over the removed action. See 28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Thus, an action is generally removable only if diversity jurisdiction or federal question jurisdiction exists on the face of the complaint. See 28 U.S.C. § 1441(b).

To confer jurisdiction on the federal court, a federal question "must be real and substantial, not colorable or frivolous." McCartney v. State of W.Va., 156 F.2d 739, 741 (4th Cir. 1946). "Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction." Id. "The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious." Id.

This case is such an instance of purely fictitious assertion of federal question jurisdiction. Although defendant does not provide a copy of the complaint, the filings he has provided reveal that this is a child support enforcement action. (See, e.g., April 21, 1993, Order of Paternity and Support (DE 5-1)) (ordering defendant to pay child support to plaintiff Nannie Mills). While some of these filings reference Title IV-D,[1] this child support enforcement action does not raise a federal question. Even if the action implicated Title IV-D in a way that required the Court to interpret

---

[1] Title IV-D provides appropriations to states for the purpose of enforcing child support obligations. See 42 U.S.C. § 651.

3

federal law, the court would not have federal question jurisdiction because Congress did not create "a federal right to force a state agency to substantially comply with Title IV-D[.]" Blessing v. Freestone, 520 U.S. 329, 332 (1997); see Merrell Down Pharms. Inc. v. Thompson, 478 U.S. 804, 817 (1986) (explaining that even if federal law is an element of a state-law claim, the claim does not confer federal-question jurisdiction unless Congress has created a private, federal cause of action for a violation of the statute).

Therefore, the court lacks jurisdiction over this action, and it must be remanded to state court.

## CONCLUSION

Based on the foregoing, the court adopts the M&R and REMANDS this action to Edgecombe County District Court. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of July, 2021.

LOUISE W. FLANAGAN
United States District Judge